UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| KEVIN McCUNE | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:04-cv-130-RLY-WGH |
| | ) | (Related Case No. EV 02-07-CR-1 Y/H) |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION FOR RELIEF
PURSUANT TO 28 U.S.C. § 2255**

Pending is Petitioner, Kevin McCune's Motion to Vacate, Set Aside or Modify Sentence Pursuant to 28 U.S.C. § 2255.

**Background and Procedural History**

The record shows that Petitioner, pursuant to a plea agreement, pled guilty on August 20, 2003, to a violation of Title 18, United States Code, Section 922(g)(1), for being a felon in possession of a firearm. Petitioner was sentenced on November 11, 2003, to 54 months of imprisonment and 3 years of supervised release. On July 29, 2004, Petitioner filed a Motion to Vacate, Set Aside or Modify Sentence Pursuant to 28 U.S.C. § 2255.

**Discussion**

Petitioner argues in his Section 2255 motion that his plea of guilty and sentence were invalid because they were based in part on a criminal matter in Indiana state court that resulted in a reserved judgment which was prohibited under Indiana law. Petitioner also

argues that his counsel's failure to take note of the reserved judgment issue amounted to ineffective assistance of counsel.

While Petitioner entered into a valid plea agreement in which he purports to waive his right to raise a collateral attack against his sentence, the Court need not address whether or not such a waiver is valid.  Petitioner is simply wrong about his sentence.  He misunderstood the process that the Court engaged in to calculate both his Base Offense Level and his Criminal History Category.  Plaintiff alleges that the Court committed error by utilizing a 1996 reserved judgment in an Indiana criminal matter, 82C01-9509-CF-00793.  However, as the Transcript of the Sentencing Hearing reflects, the Court clearly did not rely on this Indiana criminal matter in its analysis of the offense conduct which led to his Base Offense Level.  Instead, the Court relied on three Indiana felony criminal convictions from March 18, 1998.  (Transcript of Sentencing Hearing at 9-12).  Specifically, the Court stated:

> THE COURT:  All right.  Regarding the offense conduct, on March 18, 1998, Kevin McCune was convicted of possession of marijuana, resisting law enforcement, and operating a vehicle while intoxicated, Class D felonies.  The felony convictions occurred in Vanderburgh County, Indiana.  He thereafter received a sentence greater than one year for these offenses.  From this date forward, the defendant has been a convicted felon.

(*Id*. at 9).

These three felony convictions for possession of marijuana, operating a vehicle while intoxicated, and resisting law enforcement were the basis of the Court's decision to assess an offense level of 20, as Petitioner had committed at least two prior felonies – one of which was a controlled substance offense.  (*Id*. at 35 (citing U.S. SENTENCING GUIDELINES

MANUAL § 2K2.1(a)(4) (2003))). Therefore, there was no error in the Court's decision to assess an offense level of 20 because of the prior convictions.[1]

As for Petitioner's Criminal History Category, the Court did rely on the 1996 reserved judgment and assessed one criminal history point because of this offense, giving Petitioner a grand total of six criminal history points which placed him in Criminal History Category III. (*Id*. at 13, 37). While the Court's assessment of one criminal history point for the 1996 reserved judgment was error in Petitioner's eyes, any hypothetical error was harmless because the removal of one criminal history point would not effect Petitioner's placement in Criminal History Category III.[2] U.S. SENTENCING GUIDELINES MANUAL Chapter 5 (2003)(explaining that four, five or six criminal history points places an individual in Criminal History Category III). As the U.S. Supreme Court has noted, a misapplication of the sentencing guidelines that results in harmless error does not mandate the setting aside of a conviction. *See, e.g., Williams v. U.S.*, 503 U.S. 193, 203-04, 112 S.Ct. 1112, 1120-21, 117 L.Ed.2d 341 (1992).

---

[1] There may be an argument that the felony operating a motor vehicle while intoxicated charge was enhanced to a felony level because it occurred after Petitioner had been convicted of a previous felony, and it is possible the felony enhancement was the 1995 "conviction." However, even if the Court should not have considered operating a motor vehicle while intoxicated to be a felony, the other two felony convictions on March 18, 1998, are sufficient to place the defendant in an offense level of 20.

[2] Likewise, if this Court should not have considered the 1998 operating a motor vehicle while intoxicated conviction to be a felony because it was enhanced due to the 1995 charge, the total criminal history points would, at most, be reduced to four points, still within Criminal History Category III.

## Conclusion

Petitioner's Motion to Vacate, Set Aside or Modify Sentence Pursuant to 28 U.S.C. § 2255 (Docket # 1) is **DENIED.**

**SO ORDERED** this 11th day of July 2007.

                                              RICHARD L. YOUNG, JUDGE
                                              United States District Court
                                              Southern District of Indiana

Electronic Copies to:

Gerald A. Coraz
UNITED STATES ATTORNEY'S OFFICE
gerald.coraz@usdoj.gov

John Andrew Goodridge
jgoodridge@jaglo.com